## UNITED STATES v. CERTAIN LANDS IN HOLLYWOOD, BROWARD COUNTY, FLA., et al.

### Civil Action No. 813–M.

District Court, S. D. Florida,
Miami Division.

Dec. 11, 1943.

Stuart W. Patton, Sp. Atty., Lands Division, Dept. of Justice, of Miami, Fla., for petitioner.

Ella Jo Stollberg, of Hollywood, Fla., for defendants.

HOLLAND, District Judge.

In this case, Riverside Military Academy, Inc., filed its first amended answer, and counterclaim on July 21, 1943, and on August 30, 1943, the petitioner filed motion to strike paragraphs 4, 5, 6, 7, 8, and 9 of said first amended answer and counter-

claim. The motion to strike was argued on December 7, 1943, at which time there was also argued the objections filed on October 6, 1943, to interrogatories propounded to petitioner, which interrogatories were filed on October 6, 1943.

In paragraph 7 of the amended answer the respondent seeks to strengthen the answer theretofore filed by averring that "the petitioner by and through the Secretary of Navy, acting by and through his duly authorized agents, James Forrestal, Rear Admiral John Towers, Chief of Bureau of Naval Aviation, Commander Moss and Lieutenant Commander Weld," negotiated with the owner, which negotiations led to oral agreement and surrender of possession of respondent's property.

This is a condemnation proceeding, instituted under the Second War Powers Act, 50 U.S.C.A.Appendix, § 631 et seq., and I have heretofore tested the answer and counterclaim of the respondent against the provisions of said Act. It is needless to refer to my former opinion-order. I think the amended counterclaim is still insufficient. Tested by the Act, the counterclaim is a much stronger assertion of a right in the respondent, in that it is averred that the several agents named were duly authorized agents who were acting for the Secretary of Navy. As now amended, this defense raises this question. It is averred that the several Navy officials as agents of the Secretary of Navy negotiated with the respondent with reference to the leasing or renting of the instant property, and in effect that an agreement was reached for a stated consideration, and that possession was taken by the United States Government on a basis of that negotiated agreement. The execution and delivery of a completed written instrument by the petitioner is sought to be excused by the respondent by the amended answer and counterclaim, and it is sought to have the alleged negotiated agreement made the basis for the compensation to be paid by the Government in this condemnation proceeding. Counsel for the respondent insists that the good faith of the Government is involved in the use and occupation of her client's property, and that if the amended answer and counterclaim is stricken, the Government will be placed in the position of "going back" on its agreement.

Good faith and fair dealing between the Government and its citizens is the very bedrock of this Government. For this reason, I have given a great deal of thought to the argument made by counsel for the respondent. The strength of the argument, I think, lies in the fact that the arrangement averred in the answer was the basis on which possession was taken, but I think this argument fails in that it does not take into account the factual situation. The United States was at war, and the Second War Powers Act had been passed by Congress on March 27, 1942, and the inherent right of eminent domain vested in the sovereignty had been applied in this specific legislation. It is not a case of the ordinary character where two individuals, or where a sovereign on one hand and an individual on the other hand, make some agreement and bind the bargain by a delivery, or a partial delivery, of some consideration, or where the parties are put into possession as was the case here. This is a case where there was no necessity of the sovereign requesting use of the property of the respondent at some fair rental; the right to take real estate under the Second War Powers Act existed. It may well be that the Secretary of Navy had not at that time followed the procedural steps with reference to the condemning of this particular property, but the right existed, and it was in the light of that right in the sovereign that the parties contracted.

For these reasons, I am of the opinion that to constitute a legal defense the answer would have to go much further than it does. If the respondent is able to show a completed agreement executed by officials of the Government thereunto duly authorized, with the delivery of the instrument, and possession of the property taken thereunder, I am of the opinion that the right sought to be exercised in this case would be defeated, in that the fully executed contract would govern. But in this case, the answer does not set up a completed, delivered contract. It may well be that some definite amount was discussed between the Navy officials and the property owner, but I must indulge the presumption that there was some good reason for the nondelivery of the completed instrument as contended by the respondent, even though all the facts set up in the answer are taken as true. The very fact that this suit has been instituted, with an offer on the part of the Government to pay just compensation to be fixed by a jury if contest of amount offered is made, is satisfactory as demanding that an oral agreement should not govern, rather

than the basis of compensation should be on the basis proposed by the petitioner to be paid in this case. That is the way I feel about the general equities of the situation. From a purely legal standpoint, there is in my judgment no question that the Government's attack on the amended answer and counterclaim is well-taken, and that in this suit a jury should determine just compensation, irrespective of discussions or near agreements with Navy officials negotiating for the use of the property. The issue is clear cut. Either a completed, delivered lease agreement existed or it did not, and the amended answer and counterclaim does not allege such an agreement.

It may well be that the counterclaim should be stricken on more technical grounds, but it becomes unnecessary to discuss that feature since the amended answer and counterclaim are to be stricken under the analysis of the case thus made.

 I now come to the interrogatories. I think I could well dispose of this matter by sustaining the Government's motion for the reason that the matters covered by the interrogatories are with reference to this issue in the amended answer, which I am now striking. However, I have gone into the matter fully, and since counsel so strongly insists upon the application of 40 U.S.C.A. § 258, I express my views. It becomes unnecessary to discuss the matter of confidential character of the Government documents about which the witnesses are interrogated. In this condemnation case the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are not applicable, and under 40 U.S.C.A. § 258, I hold that the interrogation of officers or agents of the Government in this condemnation proceeding is not within the provisions of said Section 258, to-wit, practice, pleadings, forms and modes of proceedings. The many decided cases arising under this Section, and its requirement of conformity to the State practice, I have analyzed. These cases may be found under note 2 in 40 U.S.C.A. § 258. I hold that 28 U.S.C.A. § 635 is applicable, and that 40 U.S.C.A. § 258 does not authorize under the Florida statutes the interrogation of the opposite party in condemnation litigation. The right to interrogate the opposite party before trial is a substantive right, and is not a matter of procedure. The reasoning of the courts in holding that 28 U.S.C.A. § 643 does not confer additional rights to obtain proof by interrogatories, is also ap-

plicable to 40 U.S.C.A. § 258. The same reasoning as is followed in National Cash Register Co. v. Leland, 1 Cir., 94 F. 502, as applied to 28 U.S.C.A. §§ 635 and 643 in my judgment leads to a conclusion that 40 U.S.C.A. § 258 does not confer a right in the respondent in this case to obtain proof by interrogatories addressed to the petitioner.

The motion to strike certain portions of the amended answer and counterclaim, which motion was filed August 30, 1943, is granted.

The objection to interrogatories, filed October 6, 1943, is sustained.